## BAYER *v.* BAYER.

1. INSURANCE—INDEMNITY—LIABILITY POLICY—ACCIDENTS ARISING OUT OF OR IN COURSE OF EMPLOYMENT—DEATH.

Under a policy of liability insurance affecting accidents to servants of the insured expressly restricting the liability to the contracting operations of the master, he could not recover of the insurance company by reason of the death of his servant in the work of moving materials for a third party for his accommodation under instructions of the employer so insured.[1]

2. SAME—ARISING OUT OF EMPLOYMENT.

Under Act No. 10, Extra Session 1912, it is essential that the death or injury arise, not only out of, but in the course of the employment in which the decedent was engaged, in order to create a liability for compensation.

Certiorari to Industrial Accident Board. Submitted January 12, 1916. (Docket No. 103.) Decided June 1, 1916.

[1]For authorities on the question of what injuries are within the provisions of the workmen's compensation act, see comprehensive note in L. R. A. 1916A, 289.

Mary Bayer presented her claim for compensation against Charles F. Bayer for the death of her husband in respondent's employ. From an order awarding compensation respondent and the Union Casualty Insurance Company, his insurer, bring certiorari. Order vacated as to respondent insurance company.

*Walters & Hicks,* for appellants.

*Edward S. Grece,* for appellee.

There was testimony to support the finding that claimant's decedent and husband was employed by respondent Charles F. Bayer and upon his business when he was killed. Whether the risk was one assumed by respondent Union Casualty Company is the debatable question. Respondent Union Casualty Company issued to respondent Charles F. Bayer its policy of insurance. Upon the policy is a rider which reads:

"The policy to which this indorsement is attached is extended to cover, and the undersigned company does hereby agree to assume and perform each and every obligation imposed upon the assured by Act No. 10, Extra Session 1912, State of Michigan, and the election of the assured thereunder that is required of the assured to do and perform on account of personal injuries (including death resulting therefrom), sustained by any employee or employees of the assured while this policy is in force, and arising out of and in the course of his or their employment by said assured, in the operation of and in connection with the business herein stated."

The business of the insured is stated in the policy as follows:

"Place where the work is to be done: State of Michigan. Kind of work to be done: Contractors, buildings, wooden, or frame private residences, flats, apartments, flats with stores underneath, one story stores and stores with offices above, private stables and private garages, exclusively, and buildings not mercantile

or factory; all not exceeding three stories and basement in height, including jobbing work connected therewith; no blasting. This classification does not include the erection of churches, theaters, or buildings intended for city and county or municipal use, such as court houses, city halls or capitol buildings."

The policy is not returned, and we have no further information about its terms. It is contended that claimant's decedent was not killed while performing any duty in connection with the said business. The facts may be briefly related. Claimant's decedent was the father of Charles F. Bayer; was employed by him, and by no one else. Sometimes he was employed in and about the business described in the policy of insurance. Charles F. Bayer owned a horse and wagon, and this, his father driving the horse, was sometimes employed in the said business. Charles F. Bayer had a brother, William, a painter. This brother was not his partner, nor, except upon contract relations, employed by Charles F. Bayer. He did business upon his own account, working for others as well as for his brother. They had separate shops. By an arrangement between the brothers William was to pay one-half the expense of feeding the horse belonging to Charles, and Charles, in consideration thereof, was to move, with the horse and wagon, material and apparatus of William, used in his business, from place to place, as required by William. From time to time, depending upon the jobs secured by William, and upon William's request, the horse and wagon and claimant's decedent were so employed. A job of painting had been completed by William at Lakeside. Charles had no interest in it, had not constructed or repaired the building, but upon request of William sent his father and the horse and wagon to Lakeside to draw into Detroit, to his brother's shop, the ladders, etc., belonging to William. It was while returning to Detroit

with William's material and apparatus upon the wagon that claimant's decedent was killed, upon the tracks of an electric railroad, by a car. The chairman of the arbitration committee said, in the course of the hearing:

"It doesn't matter whether he was hauling for a grocery store, as far as this case is concerned. If he was under this man's control and selected by him and paid by him, that is the particular point."

Two of the arbitrators awarded claimant $6 a week for 300 weeks. The third arbitrator refused to concur. Upon appeal, the Industrial Accident Board modified the action of the arbitrators, and awarded $5.50 per week for a like period.

OSTRANDER, J. (*after stating the facts*). It is obvious that the policy of insurance, or of indemnity, is not an undertaking of the insurer to respond in all cases for injuries to, or death of, any employee of the assured, in any employment. The purpose plainly is to limit liability to cases of employment "in the operation of and in connection with the business herein stated." If there is any connection between the carpenter contracting business and the business of draying or hauling personal property for third persons, neither the property nor its owner being in any way connected with the business, it is not pointed out, and I am unable to discover it. Whether the assured hauled the property of his brother for a consideration (as he did), or gratuitously, his agent and employee engaged in the hauling was not employed by the assured in the operation of, or in connection with, the business stated in the policy.

Counsel for claimant makes an argument based in part upon the assumption, and assertion, that the statute (Act No. 10, Extra Session 1912) does not contain the words "arising out of and in the course of his em-

ployment," but, unlike the statutes of many States, omits the words "arising out of," and includes only the words "in the course of his employment." This assumption is unwarranted. Part 2, § 1 (2 Comp. Laws 1915, § 5431).

It is not contended that the contract of the insurance company is not controlling according to its terms. It is conceivable that a man may be engaged in more than one business, and as to one or more may elect to come under the terms of the act, and as to another or others elect not to be governed by the act. The declaration of the assured employer is not before us.

Upon this record, and considering only the points presented, it must be held that the order of the Industrial Accident Board, as affecting the respondent insurance company, is invalid. It is vacated.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.