KAURI v. MESSNER.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—SCOPE OF EMPLOYMENT.

   The written acceptance by an employer who is engaged in logging and lumbering business, and also owns a farm, of the terms of the workmen's compensation act, describing the occupation as logging, and the employer's indemnity insurance policy describing the nature of business as "logging and lumbering operations with transportation of logs to mills" do not cover the work of raising and repairing a foundation wall under the dwelling on the farm.[1]

Certiorari to Industrial Accident Board. Submitted June 8, 1917. (Docket No. 22.) Decided September 27, 1917. Rehearing denied June 20, 1918.

Martha Kauri presented her claim for compensation against John Messner for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant and the Fidelity & Deposit Company, insurer, bring certiorari. Reversed, and order vacated.

*Guy W. Moore* and *Hal P. Wilson,* for appellants.

*Galbraith & McCormack* (*Warner & Raudabaugh,* of counsel), for appellee.

BIRD, J. Defendant, John Messner, is engaged in the business of lumbering in the counties of Houghton and Ontonagon. He is also the owner of a farm. Being desirous of raising and repairing a foundation wall under the dwelling on the farm, he engaged several men to do the work. None of these men were

---

[1] On construction and effect of workmen's compensation acts generally, see comprehensive notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

engaged in his lumbering operations. Among them was Aboudi Kauri, a common laborer. While engaged in this work he received injuries from which he later died. His widow presented a claim to the industrial accident board. The claim took the usual course, and a death award was made by the arbitration committee and later affirmed by the board. The question raised is lack of jurisdiction in the board to allow any claim. It appears that Messner filed his written acceptance of the terms of Act No. 10 of the Extra Session 1912 (2 Comp. Laws 1915, § 5423 *et seq.*), on November 12, 1913. This acceptance gave the number of employees as 35, the location of place of employment, Houghton and Ontonagon counties, and the nature of the employment as "logging." The policy described the nature of the business as:

"logging and lumbering operations with transportation of logs to mill (no railroad). Clerical force—office duties only. Drivers and helpers—wherever engaged. Chauffeurs and helpers—wherever engaged."

It is contended by defendant that the acceptance of the act and Messner's contract of indemnity cover only the men engaged in his lumbering business, and not the men to whom he gives casual employment in some other business. In other words that he had the right to accept the compensation act as a lumberman without doing so as a farmer. This point appears to be well taken. It has already been decided by this court that a man may be engaged in more than one enterprise and may accept the terms of the compensation act as to one and not as to another. *Bayer* v. *Bayer,* 191 Mich. 423 (158 N. W. 109, Mich. Comp. Cases, 435). Our attention is challenged by counsel to the following language contained in the policy:

"(*a*) This policy also covers all work done by the assured in the State of Michigan, not specifically described under statement numbered 6 of the schedule

of statements, for which the assured agrees to pay a premium based on the company's rates at the time such work was done."

Counsel argue from this that:

"Nothing can be plainer than that they have guaranteed John Messner indemnity against all claims that might arise by reason of accident or injury to any of his employees while discharging any work in this State," etc.

We do not think counsels' conclusions are justified by the text. The portion above quoted by them has reference to the location in which the work is done. The Statement No. 6, to which it refers, shows in unmistakable language what business was intended to be covered by this statement, namely, "logging and lumbering operations with transportation of logs to mill." We think a fair construction of the language of the policy, read in connection with the acceptance of the compensation act by Messner, excludes the idea that it covered the work in which the deceased was engaged at the time of his death.

There is further claim that the case is ruled by *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577 (159 N. W. 304, Mich. Comp. Cases, 7), inasmuch as it was shown that certain provisions were raised on the farm which presumably went to feed the men and horses employed in logging. There was no such connection shown between his lumbering operations and farming as to bring the case within the one referred to.

The industrial accident board being without jurisdiction in the premises, its order will be set aside and vacated.

KUHN, C. J., and STONE, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred. OSTRANDER, J., did not sit.