## ANDERSON *v.* McVANNELL.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCEPTANCE BY EMPLOYER—MORE THAN ONE BUSINESS.

It being optional with an employer engaged in more than one line of business to accept the provisions of the workmen's compensation act for one business and not for another, the protection of the act does not extend to an employee engaged in a business not so accepted by the employer, and an award thereunder by the industrial accident board is unauthorized.

Certiorari to Industrial Accident Board. Submitted April 9, 1918. (Docket No. 48.) Decided June 3, 1918.

Anna Anderson presented her claim for compensation against William McVannell for the accidental death of her son in defendant's employ. From an order awarding compensation, defendant and the Travelers' Insurance Company, insurer, bring certiorari. Reversed, and award vacated.

*Vandeveer & Foster*, for appellants.

*Harlow A. Clark*, for appellee.

BIRD, J. Defendant McVannell, who was engaged in

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

the livery business in the city of Marquette, entered into a contract in September, 1914, with the city to improve Specular street. Before commencing the work he accepted in writing the provisions of the workmen's compensation law for his livery business and street contract work. In July, 1915, he contracted with Charles Dutmer to clear a certain piece of land lying two miles north of the city. To aid him in this work he employed Charles Anderson, a son of the plaintiff. While blasting stumps Anderson was killed. His mother, the plaintiff, applied to the industrial accident board for an award and it was granted in the sum of $6.49 per week for 300 weeks.

Defendants contended before the board, as they do here, that the board had no jurisdiction to make an award in the premises, because the deceased did not belong to either class of employees which was protected by McVannell's acceptance of the compensation law; that Anderson was neither employed in the livery stable nor on the street contract. The material part of McVannell's acceptance of the compensation law is in the following form:

"......Number of employees: Eight.
"Location of place of employment: Livery and road contract.
"(If more than one plant, place of business or work, place, state each fully.)
"Livery: Baraga avenue; street contract: Specular street, Marquette, Michigan.
"Nature of employment: Livery and street contract."

Plaintiff takes the position that:

"An employer of labor in Michigan who accepts the provisions of the Michigan workingman's compensation law, accepts it for the benefit of all employees he employs in all the businesses he conducts. Except only that his acceptance does not cover household, domestic servants and farm laborers unless the acceptance specifically covers such employees; and except,

also, that no acceptance includes any person whose employment is but casual, or is not in the usual course of the trade, business, profession or occupation of the employer."

An examination of the compensation act does not disclose that it anywhere in express terms permits an employer to come under the law as to one business and not to another, nor does it anywhere prohibit it in express terms. It does not compel an employer to accept its terms for any of his business activities unless he chooses to do so. He is free to come under the law or to stay out. This being so, why may he not accept its terms as to one business and not to another? Inasmuch as the election lies with him whether he will come under the law, I can see no good reason why he should not be permitted to accept its terms for one distinct business and not for another. It may be, and probably is, a reasonable construction of the act to say that when one elects to come under it his election covers all employees in the distinct business specified in his application, because if this were not so it would lead to much confusion among the employers as to which ones were covered and which were not covered. But no serious confusion would occur if all employees in a distinct business were protected. We think it is doing no violence to the act to hold that it contemplates that an employer with two or more business activities may accept as to one and not as to the others. This question was before the court in *Kauri* v. *Messner*, 198 Mich. 126. It was there said:

"It is contended by defendant that the acceptance of the act and Messner's contract of indemnity cover only the men engaged in his lumbering business, and not the men to whom he gives casual employment in some other business. In other words, that he had a right to accept the compensation act as a lumberman without doing so as a farmer. This point appears to be well taken. It has already been decided by this

court that a man may engage in more than one enterprise and may accept the terms of the compensation act as to one and not as to the other." Citing *Bayer* v. *Bayer*, 191 Mich. 423.

A suggestion is made that this holding is not conclusive of the present controversy, if the conclusion in the case cited was rested on the fact that the employee was engaged in farming, an occupation within the excepted class. The language of the opinion clearly indicates that the result reached was not rested upon that ground but was rested squarely on the fact that the deceased was not within the class of employees engaged in logging. We think the case is ruled by the one cited, and, therefore, the finding of the industrial accident board must be reversed and the award vacated.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.