HINTON LAUNDRY CO. *v.* FLORENCE DE LOZIER.

(*Knoxville.*   September Term, 1920.)

MASTER AND SERVANT. Injury while doing laundry work for co-employee after working hours held not one ''arising out of and in course of employment'' within Workmen's Compensation Act.

A laundry employee, injured while pressing a skirt for the accommodation of a fellow employee, after the regular working hours had ceased, on a day of the week when individual laundry work was forbidden by a rule, was not entitled to compensation as for a personal injury "arising out of and in the course of the employment," within Workmen's Compensation, Act, section 2, subsec. (d.).

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: Bayer v. Bayer, 191 Mich., 423; Oates v. Turner, W. C. & Ins. Rep. (Eng.), 335; Joy v. Phillips (1916), I. K. B. (Eng.), 849; Griffiths v. Robins (1916), 10 B. W. C. C. (Eng.), 90.

FROM KNOX.

Appeal from the Circuit Court of Knox County.—HON. VON A. HUFFAKER, Judge.

FRANTZ, MCCONNELL & SEYMOUR, for appellant.

R. A. CAWOOD and W. S. ROBERTS, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

Florence De Lozier brought this suit in the circuit court of Knox county by petition filed on January 7, 1920, seeking to recover compensation provided for injured employees under the terms of chapter 123 of the Acts of 1919, known as the "Workmen's Compensation Act," the petitioner claiming to have been injured while in the employ of the defendant at its laundry operated by it in the city of Knoxville.

The case was heard before the circuit judge without the intervention of a jury, and a judgment was rendered against the defendant for the sum of $5 per week, continuing for a period of seventy-five weeks.

From this judgment defendant appealed to this court, after its motion for a new trial had been overruled, and has assigned errors.

The petition alleges that plaintiff was employed by the defendant to do general laundry work in its steam laundry at a salary of $7 per week, and as a part of the terms of the employment she was given the privilege of having her individual laundry done at its plant free of charge, the defendant agreeing to furnish her all the necessary ingredients, machinery, and other apparatus for doing such laundry while petitioner was in its employ; that while so employed, on or about the 8th day of August, 1919, her hand was in some way caught in a pressing machine, whereby her fingers were so injured that their use was destroyed.

The petitioner prayed for a judgment for compensation as provided by the workman's compensation statute above referred to.

Hinton Laundry Co. v. De Lozier.

The defendant answered the petition, admitting that petitioner was employed by it on August 8, 1919, and had been so employed off and on for a period of several years to do general work around its plant in the starch department and other departments of the plant, and that at the time of the injury complained of she was earning an average wage of $7 per week.

The answer denied, however, that in addition to the weekly wage paid to petitioner there was included as a part of her compensation the privilege of having her individual laundry done free of charge, and that she was to be furnished any ingredients, machinery and other apparatus in connection with the doing of her individual laundry.

The answer further averred that, at the time of the accident which resulted in injury to the petitioner, she was engaged in pressing a skirt belonging to one of the other female employees in the plant of defendant, and was using for this purpose a steam-pressing machine used by respondent in its business; that the act that petitioner was performing at the time was in no wise connected with the business of respondent, and had no connection whatever with the duties which petitioner had been employed to perform, and did not arise under and in the course of the employment of petitioner, but that petitioner was engaged in performing a personal act, wholly disconnected with her employment, and wholly as a matter of accomodation to a third person.

The answer further averred that there was no mutuality between respondent and petitioner with respect of the act which she was performing when injured, and that her hours of service had ceased, and that she was not authorized or directed by any agent or officer of respondent to perform this service.

The question presented for determination by the court is whether the service that was being performed by the petitioner was one contemplated by the employment, and one in which the employer had an interest, or whether it was simply a voluntary service being performed by petitioner as a matter of accommodation to one of her fellow employees, and therefore was not in the course of her employment.

Subsection D of section 2 of the Workmen's Compensation Act aforesaid provides that—

" 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of employment, and shall not include a disease in any form except as it shall naturally result from the injury."

The proof shows that petitioner was earning $6.50 per week, and a bonus of fifty cents, provided she appeared promptly for her work each day during the week. This wage she received from the defendant whether she did her individual laundry at the defendant's plant or not.

The proof shows that under a rule of the defendant petitioner and other employees engaged in the defendant's plant were given the privilege of doing their individual laundry at the plant on Monday of each week; that day

not being a busy day with the plant in doing the work of its patrons. The employees did not have the right to do their individual laundry on any other day of the week under the rule referred to.

The petitioner was injured on Friday while pressing a skirt for Margaret Bowling, a fellow employee, in violation of the rule of the defendant. She was pressing this skirt after her regular work hours had ceased, and at a time when she owed no duty to the defendant. Her act of pressing the skirt for Margaret Bowling was purely a voluntary one, and was being done by the petitioner as a matter of accommodation to her fellow employee. The evidence is uncontradicted that the defendant had no interest whatever in the service which was being performed by petitioner at the time of her injury.

The question presented for determination is discussed in L. R. A. 1917D, 117, 118, and in notes 7 and 8. It is there said:

"Compensation is not recoverable where an employee is injured while doing something solely for his own benefit. This rule has been applied in some cases where an employee on a vessel has been on shore for some purposes of his own, and is injured while on the dock on his way back to the vessel. So, too, there can be no recovery where an employee, at the time of his injury, was engaged in work for a third person, or was injured at a time when he had no duties to perform for the employer and was not required, or even expected, to be put on the employer's premises."

In *Bayer* v. *Bayer* (1916), 191 Mich., 423, 158 N. W., 109, it was held that an insurance company, who had insured an employer against injuries while acting as a contractor in constructing buildings, cannot be held liable for injuries to an employee while he was engaged with his employer's horse in carting material for the employer's brother, who was not connected with the employer in business, but who paid one-half of the expense of feeding the horse upon condition that he might have the use of it at certain times.

In another case it was held that a jobbing grinder, who pays a cutler so much per week for a room upon condition that he do all the work for the cutler, for which he receives the regular price, and, with the knowledge and acquiescence of the cutler, does work for others when the latter has no work for him to do, is not, while working for a third person, an employee of the cutler so as to hold him liable for compensation for an injury received while so working. *Oates* v. *Turner* (1916), W. C. & Ins. Rep., (Eng.) 335, 115 L. T. N. S., 166, L. R. A. 1917D, 32.

It has also been held that the death of a boy employed as a stable boy cannot be said to have arisen out of the employment, where it was caused by the kick of a horse as he was entering the stable with a halter in his hand, at a time when he had no duty to perform in the stable. *Joy* v. *Phillips*, (1916), I. K. B. (Eng.), 849, 85 L. J. K. B. N. S., 779, (1916) W. C. & Ins. Rep., 67, 114 L. T. N. S., 577 (1916), W. N., 142, 9 B. C. W. C. C., 242.

It has also been held that where a servant girl was engaged in mending her own dress when the bell rang and she arose to answer it, and in some manner drove the

needle into her knee, no compensation was recoverable, since the accident did not arise out of the employment. *Griffiths* v. *Robins* (1916), 10 B. W. C. C. (Eng.), 90.

. The petitioner being injured in the manner and circumstances herein stated, she cannot recover of the defendant, because her injury did not arise out of her employment, or while performing any service for the defendant, or in any service in which it was interested. Upon the other hand, the uncontradicted proof shows that the service which petitioner undertook to perform, and which resulted in her injury, was purely voluntary, and was being performed for the accommodation of a fellow employee.

We do not think the Workmen's Compensation Act covers such injury. It results that the judgment of the court below will be reversed, and the suit dismissed, with costs.