Argued at Pendleton May 9, affirmed July 17, 1923.

## STATE EX REL. MARSHALL *v.* ROESCH.

(216 Pac. 749.)

**Master and Servant—Employer may Accept Compensation Act as to One Hazardous Occupation.**

1. Under Section 6614, Or. L., subjecting employers engaged in hazardous occupations to the Workmen's Compensation Act unless they affirmatively reject its provisions, and providing that an employer engaged in hazardous and nonhazardous occupations does not become subject to the act as to the nonhazardous occupation, though he fails to affirmatively reject the act, unless, in compliance with Section 6636, he makes application to the commission to fix a rate of contribution, an employer engaged in more than one hazardous occupation may elect to come within the act as to one and reject it as to the other.

**Master and Servant—Statutory Provision for Notice of Election to Cease Contributing to Compensation Fund Held Inapplicable to New Occupation.**

2. Section 6621, Or. L., providing that before employers engaged in hazardous occupations can be relieved from contributing to the industrial accident fund they must, before May 1st, file written notice

---

1. Extrahazardous employment and other occupations expressly included within workmen's compensation acts, see notes in Ann. Cas. 1917D, 4, 33, 38, 39, 42; L. R. A. 1917D, 152; L. R. A. 1918F, 230.

of election not to contribute, whereupon, after June 30th, they will be relieved from further contribution, has no application where an employer subject to the Workmen's Compensation Act as to a hazardous occupation engages in an entirely new and different occupation, and, within the time provided, gives notice that as to the latter occupation he elects not to contribute.

From Union: J. W. KNOWLES, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General, with an oral argument by *Mr. West.*

For respondent there was a brief and oral argument by *Mr. F. S. Ivanhoe.*

RAND, J.—The relator, who is one of the commissioners of the State Industrial Accident Commission, filed his affidavit and petition in the Circuit Court of Union County asking that an order be issued directing the defendant to show cause why he should not be punished for contempt. Thereafter such proceedings were had that the defendant appeared and answered to the charge. The court overruled a demurrer to the answer and gave the relator twenty days in which to reply. The relator failed to reply, and thereupon both parties moved for judgment on the pleadings. The court sustained the defendant's motion, and from an order dismissing the proceedings the relator appealed.

The acts which constituted the alleged contempt, charged in the affidavit, consisted of defendant's refusal to obey the directions contained in a subpoena issued by the commission directing him to submit to the commission for examination his books, records and

108 Or.—24

documents in respect to the labor employed by him in the construction of a garage upon his property at La Grande, Oregon.

The sole question for decision is whether, under the statute, an employer of labor engaged in two different and wholly unrelated occupations, both of which by statute are enumerated as hazardous, can be a contributor to the state industrial accident fund as to one of said occupations without at the same time, by force of the statute, becoming liable to contribute as to the other, notwithstanding that as to the latter he had filed written notice with the commission of his election not to become a contributor.

The facts under which this question arose are as follows: The defendant owned and operated a bottling works at La Grande, Oregon. In the operation of the bottling works he was subject to the provisions of the Workmen's Compensation Act and contributed on his pay-roll to 'the state industrial accident fund. Prior to May 23, 1919, the defendant had contracted with another for the construction of a garage building upon his property at La Grande, Oregon. On that date his contractor discontinued work and surrendered his contract and thereupon the defendant took over the work and completed the building by day labor. On said date the defendant gave written notice to the State Industrial Accident Commission of the fact that he had taken over the work on said garage building and was going to complete the building by day labor and that in the construction of the garage he elected not to contribute to the accident fund and requested the commission to send him the necessary rejection cards for posting on the premises indicating such election upon his part. These rejection cards were forwarded and posted. The

premises on which the garage building was being constructed had no connection with the premises occupied by the bottling works, upon which, at the time, the defendant was contributing, and the two enterprises were entirely separate and had no relation whatever to each other, except that both were owned by the same individual and both were situated in the City of La Grande. No claim for compensation by reason of an injury sustained by any workman engaged in the construction of the garage building was filed with the commission, and the time for filing such claim, if any existed, had elapsed long prior to the commencement of these proceedings.

1. The relator has cited no case which sustains his contention that the defendant, in the construction of the garage building, was liable to contribute to the industrial accident fund. He refers us to certain sections of the statute and particularly to Section 6614, Or. L. That section, in effect, provides that all employers engaged in any of the hazardous occupations enumerated in the act shall be subject to the provisions of the act unless they affirmatively reject its provisions by filing a written notice with the commission of their election not to be subject to the act. By one of its provisos, if such employer is engaged in two or more occupations, one or more of which are enumerated in the act as hazardous and the others are not so enumerated, the employer does not become subject to the act as to the nonhazardous occupation, even though he fails to affirmatively reject the act, unless, in compliance with Section 6636, Or. L., he makes written application to the commission to fix a rate of contribution for such nonhazardous occupation. After the rate on the nonhazardous occupation has been so fixed, the employer, if he then desires to

come under the operation of the act, is permitted to file with the commission a notice in writing, giving ten days' notice of his election to contribute under the act as to such nonhazardous occupation and is required to display, in a conspicuous manner about his works, printed notices stating that he has elected to contribute to the fund and stating when said election will become effective, and at the expiration of said time the employer becomes entitled to all of the benefits of the act upon his paying to the commission the rate so fixed. The reason that the employer is required to make application to the commission for a rate in such nonhazardous occupation is that the act itself provides no rate that he can pay, and until the commission has fixed such rate he cannot contribute to the state industrial accident fund. It is obvious that the purpose of these provisions was to provide a method whereby, on application of an employer, engaged in an occupation not enumerated by statute as hazardous and as to which no rate of contribution was provided by statute, a rate could be obtained, upon the payment of which an injured workman engaged in such occupation would be protected by the payment of compensation. But these provisions have no application to a case where an employer is engaged in two hazardous occupations and desires to come within the provisions of the act as to one of them and not as to the other.

The authorities seem to hold that the acceptance of the benefits of the act by an employer engaged in a hazardous occupation amounts to an acceptance on behalf of all of the workmen who are employed in that particular occupation: *Minneapolis etc. R. Co.* v. *Industrial Com.,* 153 Wis. 552 (Ann. Cas. 1914D, 655, 141 N. W. 1119); *Anderson* v. *McVannel,* 202

Mich. 29 (167 N. W. 860); 28 R. C. L. 733. But we can find no provision of statute which expressly or by necessary implication provides that an employer who is engaged at the same time in more than one hazardous occupation, by merely accepting the benefits of the act as to one of such occupations, becomes bound to accept such benefits as to the other. We think that under a proper construction of the statute it means that an employer, who is engaged in more than one hazardous occupation, may elect to come within the provisions of the act as to one and not to come within its provisions as to the other. This construction was given by the Supreme Court of Michigan to a statute similar upon this point to ours in *Bayer* v. *Bayer,* 191 Mich. 423 (158 N. W. 109); *Kauri* v. *Messner,* 198 Mich. 126 (164 N. W. 537), and *Anderson* v. *McVannel,* 202 Mich. 29 (167 N. W. 860). In the latter case the court said:

"An examination of the compensation act does not disclose that it anywhere in express terms permits an employer to come under the law as to one business and not as to another, nor does it anywhere prohibit it in express terms. It does not compel an employer to accept its terms for any of his business activities, unless he chooses to do so. He is free to come under the law or to stay out. This being so, why may he not accept its terms as to one business and not as to another? Inasmuch as the election lies with him whether he will come under the law, I can see no good reason why he should not be permitted to accept its terms for one distinct business and not for another. It may be, and probably is, a reasonable construction of the act to say that, when one elects to come under it, his election covers all employees in the distinct business specified in his application, because, if this were not so, it would lead to much confusion among the employees as to which ones were covered and which were not covered. But no serious confusion would occur if all employees in

a distinct business were protected. We think it is doing no violence to the act to hold that it contemplates that an employer with two or more business activities may accept as to one and not as to the others.''

2. The relator also contends that under Section 6621, Or. L., defendant's rejection as to the occupation of constructing the garage could not become effective until July 1, 1919. That section in effect provides that before employers, engaged in hazardous occupations and contributing to the industrial accident fund, can be relieved from their obligations to continue to contribute, they must, before the first day of May, file a written notice with the commission of their election not to contribute, whereupon, after the thirtieth day of June following, they will be relieved from further contribution. This statute has no application to a case where such employer engages in an entirely new and different occupation, and, within the time provided, gives notice that as to the latter occupation, he elects not to contribute.

In the instant case the defendant, when he took over the construction of the garage, filed with the commission the written notice required from one who elects not to come within the provisions of the act. By so doing he excluded himself from the operation of the act so far as it applied to the construction of the garage. The State Industrial Accident Commission, therefore, acquired no right to contribution from him so far as the construction of the garage was concerned and consequently it had no power to investigate his books and accounts concerning that particular business. For that reason he was not guilty of contempt in refusing to produce them.

The judgment appealed from is therefore affirmed.

AFFIRMED.