VANDERWILL *v.* EVENING NEWS ASSOCIATION.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—GENERAL ACCEPTANCE OF ACT BY EMPLOYER.

> In proceedings by an injured employee for compensation under the workmen's compensation act, where defendant's acceptance of the provisions of the act was general and not restricted to any particular class of its employees, it may not evade liability by claiming that plaintiff was not in the protected class.

Certiorari to Department of Labor and Industry. Submitted April 4, 1923. (Docket No. 21.) Decided July 19, 1923.

John Vanderwill presented his claim for compensation against the Evening News Association for an accidental injury in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Stevenson, Carpenter, Butzel & Backus* (*A. G. Urquhart*, of counsel), for appellant.

*James T. Bergen*, for appellee.

BIRD, J. In October, 1917, plaintiff was in the employment of defendant. He was engaged to put in place the ornamental trimmings in the new building defendant had erected on Lafayette boulevard, and also to assist in installing the new presses and machinery. On the 9th of October, while he was engaged in helping to unload a heavy box containing an ink roller, one of the skids in use slipped and the box fell, striking plaintiff on the chest and injuring him quite seriously.

For casual employment, not within the usual course of the employer's business, as employment within the meaning of the workmen's compensation acts, see note in L. R. A. 1915F, 215.

Plaintiff applied to the compensation board and received an award of $1,000. Upon application of defendant the proceeding was brought into this court by writ of certiorari. The principal question discussed is whether plaintiff was within the class of employees protected by defendant's acceptance of the compensation act.

Defendant accepted the provisions of the workmen's compensation act several years prior to this accident. Its application does not appear in the record, but counsel have filed the following stipulation concerning it:

"Several years prior to October 9, 1917, the Evening News Association had filed with the industrial accident board of Michigan a written statement to the general effect that it accepted the provisions of the employers' liability and workmen's compensation act, so-called, neither expressly including nor expressly excluding any particular work, occupation or employment in said acceptance."

For several years prior to moving into this new building defendant conducted its business of publishing the Evening News at the corner of Larnard and Shelby streets in Detroit, and the contention is made that the employees in and about the old building engaged in publishing the newspaper were the only ones protected by defendant's acceptance of the act, and that the work of fitting the new building preparatory to moving in was another and distinct business.

From the stipulation of counsel it appears that defendant ۵ accepted the provisions of the compensation act for its employees generally and not in behalf of any particular class of employees. Had defendant desired to accept the provisions of the act for its employees engaged in and about its plant on Shelby street and not elsewhere it could have done so under the holding in *Bayer* v. *Bayer*, 191 Mich. 423. It was held in this case that:

"It is conceivable that a man may be engaged in more than one business, and as to one or more may elect to come under the terms of the act, and as to another or others elect not to be governed by the act."

It was argued that the acceptance was a general one and applied to all of defendant's employees in *Kauri* v. *Messner*, 198 Mich. 126, but we held otherwise because defendant's application restricted the protection to employees engaged in "logging and lumbering operations and transportation of logs to mill." In *Anderson* v. *McVannell*, 202 Mich. 29, the argument was again made that acceptance by the defendant of the act protected all his employees in all the businesses he conducted, but we held that inasmuch as the protection had been restricted in his application to those engaged in "livery and road contract," that one in his employ elsewhere at other work could not recover. Had acceptance been general as to all employees in those cases we would undoubtedly have held that the injured servant could recover.

In the present case defendant was expanding its quarters to engage in the same business. Plaintiff was helping to do this, and while so engaged he met with the accident. We are unable to see how different the situation would have been had plaintiff received his injuries while helping to load one of the presses at the Shelby street plant to be conveyed to the new building. In either case plaintiff was employed in the general business in which defendant was engaged and which it was authorized to do. Defendant's acceptance having been a general one, with no restriction or classification of employees, we think plaintiff was, at the time of the injury, included within the class of employees which was protected.

The question whether plaintiff waived his right to an award under the compensation act by commencing a suit at law in the circuit court and afterward dis-

continuing it, was stipulated to be one of the questions for review in this court. It does not appear to be argued in appellant's brief, therefore no consideration will be given to it.

The award made by the board of labor and industry will be affirmed.

FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, C. J., did not sit.