## EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND, v. PORTLAND ELECTRIC POWER CO.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926. Rehearing Denied December 13, 1926.)

No. 4857.

**1. Master and servant ☞351—Employee of one electing not to be subject to Workmen's Compensation Act held not under act, within meaning of insurance policy; "under any workmen's compensation act or law" (Or. L. §§ 6614, 6615, 6623).**

Under Or. L. §§ 6614, 6615, 6623, where employer filed statutory notice of election not to be subject to Workmen's Compensation Act, held, employee of such employer was not "under any workmen's compensation act or law," within meaning of accident insurance policy carried by employer.

**2. Insurance ☞146(3).**

In cases of doubt, insurance policy will be construed most favorably to insured.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action by the Portland Electric Power Company against the Employers' Liability Assurance Corporation, Limited, of London, England. Judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff in error seeks reversal of a judgment in favor of the defendant in error on an insurance policy issued by the plaintiff in error to the defendant in error, covering accidental injury to persons upon the elevator of the electric building of the defendant in Portland, Or. The principal work of the injured employee was at one of the shops of the defendant in error, situated in Portland, on the east side of the Willamette river, and in which there was power-driven machinery. The defendant also occupies a building known as the electric building, situated on the west side of the river, in the same city, and approximately a mile from the other building. On the date of the injury the employee had been sent from the shop building to the electric building to get certain parts of electrical machinery, and while taking the parts out of the basement of the electric building, to the ground floor upon an elevator, his foot protruded over the floor of the elevator and was caught by an I-beam as the elevator approached the floor, and his foot and leg were so injured that the leg had to be amputated below the knee. He claimed negligence on the part of the defendant and brought an action on that account. A judg-

ment was entered. The plaintiff in error claims there is no liability under the terms of the policy, because the employee was under the provisions of the Oregon Compensation Law, and declined to defend the action on request of the defendant in error. To recover the amount of the policy is the object of this suit.

Wilbur, Beckett, Howell & Oppenheimer, of Portland, Or., and Redman & Alexander, of San Francisco, Cal., for plaintiff in error.

Griffith, Peck & Coke, of Portland, Or., for defendant in error.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge (after stating the facts as above). [1] The only point argued before this court is the relation the employee bears to the Workmen's Compensation Law of Oregon (Or. L. § 6605 et seq.). It is clear that the policy covers others than those in the employ of the insured; and where the employer is engaged in more than one business, he may come under the act as to one business and stay out as to the other, and by filing the necessary notices he is excluded from the act. State ex rel. Marshall v. Roesch, 108 Or. 371, 216 P. 749. The employer being "out of the act," there is nothing in the record or the law to show that the employee was within or under it. The provisions are purely a matter of election; the plan is proposed; if accepted, the employer and employee are within or under the act; if rejected, each is relegated to the courts for all remedial relief. Evanhoff v. State Ins. Accident Com., 78 Or. 503, 154 P. 106.

Under section 6614 of the Oregon Laws, all employees in any hazardous occupation are subject to the provisions of the Workmen's Compensation Act, unless the employer files with the commission written notice of the election not to be subject thereto. It is admitted that the employer, defendant, did file with the commission the required statutory notice, and that it was not subject to the Workmen's Compensation Act, supra. State ex rel. Marshall v. Roesch, supra. Employees of an employer subject to the act are subject thereto, unless written notice of election not to be subject thereto is given by the employee to the employer. Sections 6615 and 6623, Oregon Laws. In Evanhoff v. State Industrial Accident Com., supra, the Oregon Supreme Court said that the employer may be exempt from the provisions of the act, and his exemption exempts the employee. "* * * The act leaves the employer free

to act or to reject them as he may see fit." If the employer rejects the provisions of the act, then, in the event of injury, he is stripped of certain of the defenses specified in the statute, such as negligence of a fellow servant and assumption of risk. The covering clause of the policy provides:

"Agreement IV. This policy covers, except as provided in agreement V, bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons while within or upon the premises described in the declaration, or the premises or the ways adjacent thereto or elsewhere, by reason of the occupation, the use, the maintenance, the ownership, or the control of the said premises by the assured, as described in the declaration, including the making of such repairs and ordinary alterations as are necessary to the care of the said premises and their maintenance in good condition."

"Exclusions. Agreement V. This policy shall not "cover injuries or death * * * (6) to any employee of the assured under any workmen's compensation act or law."

The plaintiff in error contends that the phrase, *"under any workmen's compensation act or law,"* is not limited, and that it is immaterial whether, under a compensation law, the employer elects to disclaim the benefits the employees are still *"under the act,"* but that the employer imposes upon himself "obligations more onerous than the compensation law confers, by the removal of the common-law defenses," and that condition A of the policy, which provides, "the premium of this policy is as expressed in item 3 of the declaration, except as his policy covers injury * * * to employees of the assured, in which case, as to such coverage, the premium is based upon the entire remuneration * * * earned during the policy by all persons employed by the assured in the said business operations as expressed in item 3 of the declaration," emphasizes this contention. To this we cannot agree.

Item 3 of the declaration refers to employees *"engaged in the maintenance, care, and upkeep"* of the buildings, and then sets forth the remuneration of the employees; but this is clearly upon a different base estimate, "remuneration earned," and covers particular employees, those engaged in the maintenance, care and upkeep of the building designated at .05 per hundred. It is clear that all of plaintiff's employees are not engaged in the maintenance, care, and upkeep of the building, and no doubt this was intend-

ed as adequate premium to cover all of plaintiff's employees so engaged or otherwise. But the public is also included and this condition cannot be invoked to modify the engagment of agreement IV, which covers injuries to *any person or persons* while within or upon the premises. This plainly covers the general public, as well as the employees, however engaged, and condition A is clearly distinct from the subject treated by agreement V, and is merely a regulation for the adjustment of premiums to be paid.

When the employer rejected the act on the record before this court, the employee was not under the act, and the exemption from liability under the terms of the policy cannot obtain.

[2] The terms of the policy we think clear; but, if a doubt did exist, it should be construed most favorably for the insured. Am. Surety Co. v. Pauly, 170 U. S. 133, 18 S. Ct. 552, 42 L. Ed. 977; Moore v. Ætna Life Ins. Co., 75 Or. 47, 146 P. 151, L. R. A. 1915D, 264, Ann. Cas. 1917B, 1005, and cases cited.

The judgment is affirmed.